**PS 8 Revised 07**
**MD/TN Revised 06/13**

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. **Samantha Collins**  Docket No. **0650 3:09CR00240 - 14**

### Petition for Action on Conditions of Pretrial Release

COMES NOW **Angela D. Rankin**, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant **Samantha Collins** who was placed under pretrial release supervision by the **Honorable John S. Bryant, U.S. Magistrate Judge** sitting in the Court at **Nashville, Tennessee**, on **May 24, 2010**, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page three of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Angela D. Rankin *(signed)* | Nashville, TN | March 13, 2014 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event — **Sentencing Hearing** — May 9, 2014
 Event  Date

---

## PETITIONING THE COURT

☒ No Action  ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant  ☐ Other

---

THE COURT ORDERS:
☒ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____  _____
Date                        Time

Considered and ordered this **17th** day of **March, 2014**, and ordered filed and made a part of the records in the above case.

_____
Honorable John T. Nixon
Senior U.S. District Judge

Petition for Action on
Collins, Samantha
Docket: 3:09CR00240-014
March 13, 2014

On May 24, 2010, Samantha Collins appeared before the Honorable John S. Bryant for an Initial Appearance after being charged with violating 21 U.S.C. § 841(a)(1) and 846: Conspiracy to Possess With Intent to Distribute 5 or More Grams of Cocaine Base. She was released on that same date to pretrial services supervision with special conditions.

**The Court was previously advised of the following violations:**

On May 24, 2010, during an interview with former USPO Tim Searcy, the defendant advised that she had last used marijuana on May 23, 2010. On June 3, 2010, the defendant reported to the U.S. Probation and Pretrial Services Office as instructed by this officer to sign the necessary paperwork for pretrial supervision. This officer also obtained a urine specimen from the defendant on that date. She informed this officer prior to submitting the urine specimen, that it would be "dirty." She advised that she had smoked marijuana on or about May 29, 2010. The test was presumptive positive for marijuana and benzodiazepine; however, the defendant denied use of benzodiazepine. Both samples were sent to Alere Laboratories, Gretna, Louisiana, for confirmation. Results received from Alere Laboratories confirmed that both specimens were positive for marijuana.

The Pretrial Services Officer referred the defendant to Centerstone, Madison, Tennessee, for an alcohol and drug intake assessment. She was also placed in Phase I of the Code-A-Phone Program, whereby a defendant calls the U.S. Probation and Pretrial Services Office daily to see whether she/he needs to report for a random urine screen. The assessment was completed by Centerstone on approximately June 3, 2010, and it was determined that the defendant needed to participate in alcohol and drug treatment.

On June 15, 2010, this officer prepared a Violation Petition and asked that No Action be taken at that time. The Court concurred.

On February 17, 2011, the defendant was charged with Casual Exchange of a Controlled Substance by the Nashville Metropolitan Police Department. On May 19, 2011, the defendant appeared in the Davidson County General Sessions Court, Nashville, Tennessee, and the case was retired.

On May 19, 2011, this officer prepared a Violation Petition and asked that No Action be taken at that time. The Court concurred.

On July 19, 2011, the defendant appeared before the Honorable Senior U.S. District Judge, John T. Nixon and entered a guilty plea to Count Eight of the Indictment. The plea agreement was filed under seal.

2

Petition for Action on
Collins, Samantha
Docket: 3:09CR00240-014
March 13, 2014

On September 13, 2011, Centerstone and this officer decided that the defendant should be terminated from treatment because according to the therapist, the defendant was not engaged in individual therapy sessions and would often miss appointments without phoning. She was minimally engaged in group therapy sessions and would respond when prompted. She discussed continuing to consume alcohol while verbalizing an understanding that she was not to consume any substance while participating in treatment. The treatment staff's prognosis for the defendant was "poor."

The defendant remained drug free for illegal substances until October 24, 2011. On that date, this officer phoned the defendant and instructed her to report to the office by 4:00 p.m. for a random urine screen, since she had recently failed to report for a screen. When she reported to the office, she brought in a prescription bottle, with the name of Brittany Collins inscribed on the bottle, for acetaminophen with codeine. She stated that she had taken one of her sister's pills for a headache early that morning. This officer reminded her of her conditions of release and that she is not to take medication unless prescribed to her by a licensed physician. She stated that she knew that but needed something for a headache. It should also be noted that the defendant was pregnant with her third child. This officer asked if she had contacted her doctor regarding what medication she could and could not take while pregnant. She stated that she had not done so.

It should also be noted that Ms. Collins failed to report for drug screens on July 6, 2010, April 26, 2011, August 10, 2011, and October 10, 2011.

On October 31, 2011, test results from Alere Laboratory, Gretna, Louisiana, confirmed that the drug test submitted by the defendant on October 24, 2011, was indeed positive for codeine.

On November 1, 2011, Ms. Collins was also tested for synthetic marijuana, which returned from Alere Laboratory with negative results.

The defendant was placed back in Phase I of the Code-A-Phone Program, to be tested on a regular basis. She was also verbally reprimanded by this officer.

On November 18, 2011, this officer prepared a Violation Petition asking that No Action be taken at that time. The Court concurred.

Petition for Action on
Collins, Samantha
Docket: 3:09CR00240-014
March 13, 2014

**Violations:**

**The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances.**

On March 10, 2014, the defendant reported to the U.S. Probation and Pretrial Services Office for her monthly reporting. This officer had the defendant submit to a drug test at that time, which tested positive for marijuana. Prior to the test, this officer asked the defendant if she had used any illegal substances or medications not prescribed to her since her last drug test. Ms. Collins advised that she had smoked marijuana approximately two weeks prior to the test. She stated that she was stressed and just "slipped up." The specimen was sent to Alere Laboratories, Gretna, Louisiana, for confirmation.

**Probation Officer's Actions:**

This officer verbally reprimanded the defendant and advised her of the consequences of her behavior. She was placed back in the Code-A-Phone Program, whereby the defendant phones the U.S. Probation and Pretrial Services Office on a daily basis to determine when she is to report to the office for a drug test. It should be noted that, prior to the positive drug test on March 20, 2014, the defendant's last positive drug test was submitted on February 29, 2012.

**Respectfully Petitioning the Court as Follows:**

The U.S. Probation and Pretrial Services Office would respectfully request that No Action be taken at this time. Assistant U.S. Sunny Koshy has been contacted and concurs with this recommendation.

Approved: _____
Vidette Putman
Supervising U.S. Probation Officer

cc: AUSA Sunny Koshy
Defense counsel, Kenneth Quillen

4

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><u>Samantha Collins</u><br>*Defendant* | )<br>)<br>) Case No. 3:09-00240 (14)<br>)<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* _____to be notified_____
                                                                *Place*

_____ on _____
                        *Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(   ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:

Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____     _____
*Custodian or Proxy*              *Date*

( X ) (8) The defendant must:
   ( X ) (a) report to the  Pretrial Services Office as directed  .
            telephone number  (615) 736-5771  , no later than _____.
   ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
   ( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum _____
   ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
   ( X ) (e) maintain or actively seek employment.
   ( ) (f) maintain or commence an education program.
   ( ) (g) surrender any passport to:  Pretrial Services Office.
   ( ) (h) obtain no passport.
   ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel:  Travel is restricted to the Middle District of Tennessee without prior approval by pretrial services.
   ( ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____
   ( X ) (k) undergo medical or psychiatric treatment or remain in an institution as follows: defendant shall participate in an evaluation to assess the presence, nature and severity of a substance abuse problem.
   ( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____
   ( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
   ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
   ( X ) (o) refrain from    ( X ) any  ( ) excessive use of alcohol.
   ( X ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
   ( X ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
   ( X ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
   ( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
         ( ) (i) Curfew. You are restricted to your residence every day   ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
         ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
         ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
   ( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
         ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

         ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
         ( ) (ii) Radio Frequency (RF) monitoring;
         ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
         ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
         ( ) (v) Voice Recognition monitoring.
   ( X ) (u) report as soon as possible, in any event within 48 hours, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
   ( X ) (v) Defendant shall permit a pretrial services officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the officer.

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

AO 199C (Rev. 09/08) Advice of Penalties    Page 3 of 3 Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Samantha Collins_
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: May 24, 2010

_John Bryant_
*Judicial Officer's Signature*

JOHN S. BRYANT, U.S. MAGISTRATE JUDGE
*Printed name and title*

I have been read all conditions to me by USPO Rankin.
Signed: _Samantha Collins_
Date: June 3, 2010

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL